**Billy JO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71345.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

John P. Devaney, Victor M. Lawrence, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Billy Jo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Jo failed to challenge to the agency's determination that his asylum application was untimely, and thus waived that contention. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

We deny the petition with respect to the withholding of removal claim because the record does not compel a finding of past persecution, or a clear probability of future persecution by the government or forces that the government is unable or unwilling to control. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005); *see also Lolong v. Gonzales,* 484 F.3d 1173, 1180 (9th Cir.2007) (en banc) (holding that petitioners alleging a pattern or practice of persecution by non-government actors must also prove that the government is unable or unwilling to control those actors.)

Jo's CAT claim fails because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

Jo's unopposed request for a sixty-day extension to file a supplemental brief, filed on August 30, 2007, is granted. The clerk shall file Jo's supplemental brief, received on September 17, 2007.

Respondent's motion for leave to file respondent's supplemental brief out of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

time, filed November 6, 2007, is granted. The clerk shall file respondent's supplemental brief, received on November 6, 2007.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.